**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SCOTT ELLIS a/k/a Hope Ellis,

Plaintiff,

5:26-cv-2194
(ECC/CBF)

v.

STATE UNIVERSITY OF NEW YORK AT OSWEGO, et al.,

Defendants.

---

Scott Ellis, *Pro se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**DECISION AND ORDER**

On October 25, 2026, pro se Plaintiff Scott Ellis a/k/a Hope Ellis commenced this action by filing a "Consolidated Master Verified Civil Rights Complaint" against the State University of New York at Oswego; Auxiliary Services of SUNY Oswego, Inc.; Brandon Bennett; Stephen McAfee; Members of the Faculty Grade Appeal Panel (August 31, 2026); Kenneth Nichols; Kate Pechenkina; Garret Stauffer; Paul Tomascak; Amanda Trainham; and Joey Tse. Dkt. No. 1. Plaintiff alleges causes of action arising under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the Fair Housing Act, the Fair Labor Standards Act, "Federal Maritime Preemption," and various state law claims. *Id.* at 2-3.

Currently pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* (IFP), as well as Plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction pursuant to Federal Rule of Civil Procedure (Rule) 65(b). Dkt. Nos. 2, 3.

## I. IFP APPLICATION

To commence a civil action in federal district court, a plaintiff must ordinarily pay the statutory filing fee, currently set at $405. 28 U.S.C. § 1914(a). However, if a court determines that plaintiff is unable to pay the filing fee, the court may authorize the plaintiff to proceed IFP. *Id*. at § 1915(a)(1). Section 1915 does not set financial guideposts, however the Court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. *Id.* To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). "[N]o party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

Section 1915 requires that a plaintiff submit an affidavit reflecting his or her assets in support of an IFP application. 28 U.S.C. § 1915(a)(1). "The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court." *Hines v. Dep't of Soc. Servs. Cayuga Cnty.*, No. 5:24-cv-0071 (MAD/ML), 2024 WL 6064509, at *1 (N.D.N.Y. Jan. 29, 2024) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)).

Here, upon review of Plaintiff's application, the Court finds that she[1] is financially eligible for IFP status. Plaintiff represents that her only current source of income is her monthly

---

[1] The Court adopts Plaintiff's use of preferred pronouns to the extent set forth in her Complaint and motion for TRO and preliminary injunction.

supplemental security income (SSI) payment, and that she has less than $100.00 in cash or in a bank account. Dkt. No. 2 at 2. Plaintiff has not provided the Court with the exact amount of her monthly SSI payment, however even assuming she receives the maximum monthly benefit for an eligible individual,[2] the court is satisfied that she meets the criteria to proceed IFP. Accordingly, the Court grants Plaintiff's IFP application.

## II. SUFFICIENCY OF THE COMPLAINT

### A. Legal Standard

Having determined Plaintiff meets the criteria to proceed IFP, the Court must also consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

[2] *See* https://www.ssa.gov/oact/cola/SSIamts.html (lasted visited October 27, 2026) (indicating maximum monthly SSI benefit for eligible individual is $994 in 2026).

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-cv-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Complaint

Plaintiff is a "26-year-old non-traditional adult undergraduate student, SSI recipient, and active holder of a United States Coast Guard . . . Merchant Mariner Credential[.]" Dkt. No. 1 at 1. The only "facts" alleged in the Complaint are contained in the preliminary statement, which states that Plaintiff

> was victimized by systemic academic fraud, pretextual generative AI accusations declared 'unproven' by university officials, intentional grade manipulation, retaliatory admission recission, mid-semester dormitory eviction, bad-faith denial of disability accommodations (Emotional Support Animal Luna and private housing), wage processing delays, and summary de-enrollement executed within 24 hours of resolving labor disputes.

*Id.* Plaintiff seeks monetary damages as well as equitable relief "mandating an immediate direct administrative transfer to SUNY Maritime College in the Unlimited Third Mate Deck Officer License program under full EOP status." *Id.* at 1-2.

### C. Analysis

Even under the very liberal reading extended to pro se pleadings, Plaintiff's sparse Complaint fails to give the Court sufficient information to determine if she can state a claim against any of the persons or entities named as Defendants. Beyond the conclusory and vague statements contained in the preliminary statement, there are no allegations articulating how, when, or by whom Plaintiff was injured. The named Defendants are identified as parties, however the body of the Complaint fails to indicate what any Defendant did to the Plaintiff. In only identifying her alleged injuries and the various causes of actions she seeks to assert against the Defendants, and without any factual allegations tethering the Defendants' conduct to Plaintiff's injuries, Plaintiff has failed to comply with Rule 8's requirement that "[a] pleading . . . contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to

Sections 1915(e)(2)(B)(ii). *See, e.g., Belardo v. Annucci*, No. 9:22-cv-0032 (DNH/ATB), 2022 WL 22889131, at *3 (N.D.N.Y. May 10, 2022) (dismissing pro se complaint where sparse allegations failed to give rise to any cognizable cause of action, and plaintiff merely listed the injuries he received and generally identified the defendants).

## III. MOTION FOR TRO AND PRELIMINARY INJUNCTION

Because the Court is dismissing the Complaint, Plaintiff's request for a TRO and preliminary injunction are moot. *See Whidbee v. Debenedittis,* No. 2:24-cv-145, 2024 WL 149211, at *4 (E.D.N.Y. Jan. 12, 2024) (dismissing application for ex parte TRO as moot "[g]iven that the Court has dismissed the Complaint for failure to state a claim," and noting that the plaintiff's failure to state a claim "necessarily means that [plaintiff] fails to demonstrate a likelihood of success – or even a serious question – on the merits of her claim, as required for this Court to issue a TRO."); *Cruz v. New York*, No. 5:17-cv-0510 (BKS/TWD), 2017 WL 6001833 (N.D.N.Y. Dec. 4, 2017) (adopting recommendation to dismiss motion for TRO and preliminary injunction as moot, or in the alternative on the merits, where the underlying claim was dismissed and plaintiff therefore cannot meet the standard for such relief); *Smith v. Annucci*, No. 9:18-cv-1107 (DNH/DJS), 2018 WL 5886065, at *12 (N.D.N.Y. Nov. 9, 2018) ("Because the complaint will be preliminarily dismissed, Smith's Preliminary Injunction Motion is denied as moot."). Accordingly, Plaintiff's motion for emergency preliminary injunctive relief is denied.

## IV. LEAVE TO AMEND

"Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). A pro se plaintiff should have at least one chance to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated."

*Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, leave to amend is not warranted when the "problem with [the plaintiff's] cause[ ] of action is substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see id*. ("a court may deny even a pro se plaintiff leave to amend when amendment would be futile").

Here, in light of Plaintiff's pro se status and because the Court cannot conclude that Plaintiff could not state a valid claim upon amendment, the Court will afford her the opportunity to file an Amended Complaint to cure the above referenced deficiencies. Within thirty (30) days of the date of this Decision and Order, Plaintiff may file an Amended Complaint setting forth the specific factual allegations underlying her many causes of action. Any Amended Complaint filed by Plaintiff must be a complete pleading that will supersede and replace the original Complaint in its entirety. Any Amended Complaint shall identify one or more Defendants, as appropriate, and set forth a short and plain statement of the facts on which Plaintiff relies in support of her claim that the named Defendant engaged in conduct giving rise to a specific cause of action.

## V. PLAINTIFF'S MAILING ADDRESS

Finally, Plaintiff commenced this action by filing a Complaint via MFT. Although Plaintiff's email address and phone number were provided by use of the MFT portal, Plaintiff's mailing address is not included in the Complaint or any other submissions filed since. The Clerk's office previously reached out to Plaintiff via email requesting a mailing address, but Plaintiff has not advised the Court of her mailing address as of the date of this Decision and Order.

According to Local Rule 10.1(c)(2),

> Each document must identify the person filing the document. This identification must include an original or electronic signature of the attorney or pro se litigant; the typewritten name of that person; the address of a pro se litigant, including zip code; and the bar roll number, office address, telephone number, and e-mail address of the attorney. A pro se litigant's complete mailing address in the signature block is required on all documents filed with the court and shall also appear on the face

of the docket.

N.D.N.Y. L.R. 10.1(c)(2). Furthermore, the local rules state that a pro se litigant's failure to keep the Court apprised of her mailing address may result in the dismissal of any pending action. N.D.N.Y. L.R. 41.2(b). "Local Rule 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court." *Torres-Acevedo v. Blair*, No. 9:21-cv-52 (GLS/ATB), 2021 WL 4990251, at *1 (N.D.N.Y. Oct. 27, 2021) (citations omitted).

Accordingly, by November 12, 2026, Plaintiff shall file a letter on the docket providing her mailing address. Plaintiff is cautioned that failure to comply with this directive may result in sanctions including dismissal of her claims pursuant to N.D.N.Y. 41.2(b) and Fed. R. Civ. P. 41(b). The Clerk is directed to serve this Decision and Order on Plaintiff via the email address provided by Plaintiff.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's IFP application, Dkt. No. 2, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint within thirty (30) days of the date of this Decision and Order, consistent with the above terms; and it is further

**ORDERED** that if Plaintiff fails to file an Amended Complaint within thirty (30) days, the Clerk is respectfully directed to enter judgment and close this case without further order; and it is further

**ORDERED** that Plaintiff's motion for a TRO and preliminary injunction, Dkt. No. 3, is

**DENIED**; and it is further

**ORDERED** that by November 12, 2026, Plaintiff shall file a letter on the docket providing her mailing address. Plaintiff is cautioned that failure to comply with this directive may result in sanctions including dismissal of her claims pursuant to N.D.N.Y. 41.2(b) and Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that the Clerk serve this Decision and Order on Plaintiff via the email address provided by Plaintiff.

**IT IS SO ORDERED.**

Dated: November 4, 2026

Elizabeth C. Coombe
U.S. District Judge